IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PRIME INSURANCE COMPANY | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 3:24-cv-02718-N-BT |
| | § | |
| FRONT LINE PROTECTIVE | § | |
| SERVICES, INC. and VANESSA | § | |
| GONZALEZ, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM ORDER

The Court granted in part Defendant Vanessa Gonzalez's Motion to Compel Discovery Responses, Privilege Log, and Corporate Representative Testimony, and for Fees Under Rule 37 (ECF No. 42) and ordered Gonzalez to file an application establishing the amount of the reasonable attorney's fees and costs to be awarded. *See* Order (ECF No. 55). Gonzalez filed an Application for Attorney's Fees (ECF No. 57), as ordered, seeking attorney's fees in the amount of $8,980.00. Plaintiff Prime Insurance Company did not file a response, and its deadline to do so has passed. Accordingly, the Court now grants Gonzalez's Application and awards Gonzalez $8,980.00 for attorney's fees under Federal Rule of Civil Procedure 37(a)(5)(A).

"Reasonable attorneys' fees are determined through a two-step process." *Fessler v. Porcelana Corona De Mexico, S.A. DE C.V.*, 23 F.4th 408, 415 (5th Cir. 2022). First, the court calculates the lodestar, which is "the number of hours

reasonably expended multiplied by the prevailing hourly rate in the community for similar work." *Id.* (quoting *Combs v. City of Huntington*, 829 F.3d 388, 392 (5th Cir. 2016)). The party seeking reimbursement of attorney's fees—here Gonzalez—bears the burden of establishing the number of hours expended through the presentation of adequately recorded time records as evidence. *See Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993). The Court uses this time as a benchmark and then excludes any time that is excessive, duplicative, unnecessary, or inadequately documented. *Id.* The hours remaining are those reasonably expended, and "[t]he lodestar is presumed reasonable[.]" *Fessler*, 23 F.4th at 415. Then, after calculating the lodestar, the court may adjust the amount of attorney's fees based on "the relative weights of the twelve factors set forth" in *Johnson v. Georgia Highway Exp., Inc.*, 488 F.2d 714 (5th Cir. 1974). *Black v. SettlePou, P.C.*, 732 F.3d 492, 502 (5th Cir. 2013) (quoting *Saizan v. Delta Concrete Prods. Co.*, 448 F.3d 795, 800 (5th Cir. 2006)). Because the lodestar is presumed to be reasonable, it should be modified only in exceptional cases. *See Watkins*, 7 F.3d at 457. And "once calculated, the party seeking modification of the lodestar under the *Johnson* factors bears the burden." *Fessler*, 23 F.4th at 416.

In her Application, Gonzalez requests that $8,980.00 be awarded to her "as a reasonable and necessary attorney's fee[ ] in connection with the motion to compel heard on November 25, 2025." App. at 1 (ECF No. 57). She supports her Application with the Affidavit of Ori Raphael, who is a partner in Mathias Raphael, PLLC and Gonzalez's counsel in this case. *Id.*, Aff., Ex. A at 1–2, ¶¶ 3, 5. Raphael

states that he has been licensed to practice law in Texas since 2013 and he "ha[s] over a decade of experience in defending clients in litigation as well as prosecuting clients' claims, particularly in the area of personal injury and civil litigation. [His] experience includes complex cases in both state and federal courts." *Id.* ¶¶ 4–5. His rate is $550 an hour, and his firm charges $90 an hour for senior experienced paralegals. *Id.* at 2, ¶ 8. Raphael states that his rate "is a reasonable hourly rate for an attorney in the Dallas Fort Worth metroplex with similar experience and years of practice and who has a similar skill level handling similar matters[.]" *Id.* He also states that his firm's rate for senior experienced paralegals is also reasonable "in Dallas County and the surrounding areas." *Id.*

Plaintiff did not object or offer any evidence to controvert Raphael's affidavit. And considering these professionals' experience and the local market rates, the Court finds that their respective hourly rates are reasonable. *See generally Vanliner Ins. Co. v. DerMargosian*, 2014 WL 1632181, at *2 (N.D. Tex. Apr. 24, 2014) (Fitzwater, J.) (noting that the Court is an expert on the reasonableness of attorney's fees).

An itemized billing statement attached to Raphael's affidavit, Ex. A-1, shows that Raphael spent 15.1 hours—and a paralegal at the firm spent 7.5 hours—on the matters concerning Gonzalez's Motion to Compel. Raphael explains that he exercises billing discretion by omitting from his fee requests "time spent on administrative tasks, time expended on secretarial work, work which is duplicative of another member of the law firm, time expended training and time expended

3

learning essential matters the lawyer or paralegal should already be familiar with."
App., Aff.*,* Ex. A at 3, ¶ 10 (ECF No. 57). And the billing statement shows that
Raphael did not charge for time spent on administrative tasks, time expended
training, and time expended learning essential matters the lawyer should already
be familiar with. *Id.*, Ex. A-1. Plaintiff did not object to the billing statement. The
Court finds that the 22.6 hours billed by Raphael and the firm paralegal have been
reasonably spent on the tasks identified and necessary for Gonzalez's successful
Motion.

Accordingly, based on the Application and supporting documents, the Court
finds the appropriate lodestar here to be calculated as a total fee of $8,980.00 for
a total of 22.6 hours of work consisting of (1) 15.1 hours by attorney Ori Raphael at
an hourly rate of $550, totaling $8,305.00; and (2) 7.5 hours of paralegal time at
an hourly rate of $90, totaling $675.00.

Gonzalez does not seek an enhancement of the attorney's fees, and there are
no other exceptional circumstances warranting an adjustment of the requested
fees. The Court has also considered the *Johnson* factors and finds that none of
them weigh in favor of modifying the lodestar. *See EEOC v. Agro Distrib., LLC*,
555 F.3d 462, 473 (5th Cir. 2009) ("The district court need not specifically discuss
the *Johnson* factors where it has applied the *Johnson* framework.").

The Court grants Gonzalez's Application for Attorney's Fees (ECF No. 57)
and awards Gonzalez the total amount of $8,980.00 for attorney's fees under

4

Federal Rule of Civil Procedure 37(a)(5)(A) to be paid, jointly and severally, by Plaintiff and its counsel by **May 29, 2026.**

SO ORDERED.

May 15, 2026.

_____
HON. R. RUTHERFORD
UNITED STATES MAGISTRATE JUDGE